IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LEE BLAKE,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-6067 |
| MR. JOSEPH ROBERT STAUFFER,<br>*et al.*,<br>　　Defendants. | :<br>:<br>:<br>: |

## MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                                                       FEBRUARY 5, 2025

William Lee Blake, an inmate in custody at the Lehigh County Jail, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 naming Lehigh County Assistant District Attorneys Joseph Robert Stauffer and Jay William Jenkins, Public Defender Lavelle James Michael, and Lehigh County Court of Common Pleas Judge Douglas G. Reichley. Blake also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Blake leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

---

[1] Blake used the form complaint available to unrepresented litigants to file his claims and included five additional handwritten pages. (ECF No. 2.) The Court considers the entire submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from the Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up. The Court may also consider matters of public record when conducting a screening under § 1915. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Blake alleges that Lehigh County Assistant District Attorney Joseph Robert Stauffer "really had it out for him" when Blake was arrested and charged with criminal offenses in 2016 (the "2016 case"). (Compl. at 4.) In May 2016, he was sentenced to three to six years in the 2016 case, but after the Court granted his motion under the Pennsylvania Post-Conviction Relief Act ("PCRA"), Blake was re-sentenced to a lower sentence. (*Id*.) He claims his new sentence should have resulted in his release on July 8, 2018.[2] (*Id*.) However, he alleges he was not released from SCI Smithfield until June 8, 2020, because "someone stopped the Judge's Order," which prolonged his probation period to February 21, 2024. (*Id*.) Blake contends that even after he finished his term of probation in February 2024, he was falsely arrested based on the 2016 case and is now wrongly incarcerated in the Lehigh County Jail.[3] He alleges that after checking his docket sheet, "it looks like someone from the District Attorney's office did something." (*Id*. at 4.) He believes that Stauffer "had something to do with this case from the beginning until now" because Stauffer was "so upset that the Judge vacated his sentence." (*Id*. at 6.) He contends that Stauffer is now retired, but still came to Blake's court appearance in March 2024 and "smiled behind his back." He "truly believes that Stauffer passed him along to the new District Attorney, Mr. Jay William Jenkins, and told him to make sure that he does not get out." (*Id*.) Public Defender Lavelle James Michael, who represented Blake in September 2023, is named as a defendant because he "did not

---

[2] A review of public records indicates that Blake was arrested by the Allentown Police Department and charged by the Lehigh County District Attorney's Office in 2016 for drug-related felony charges, to which he pled guilty and was sentenced in May 2017. *Commonwealth v. Blake*, CP-39-CR-0002706-2016 (C.P. Lehigh). The record also confirms that Blake filed a PCRA Motion after he was sentenced, which was granted by the Court, and he was re-sentenced to a lower period of incarceration in June 2018. (*Id*.)

[3] A review of public records reveals that Blake was arrested and charged by the Berks County District Attorney's Office in 2023 for new felony drug-related charges that occurred on July 11, 2023, for which he is currently detained in Lehigh County Jail and awaiting trial. *Commonwealth v. Blake*, CP-06-CR-0003125-2023 (C.P. Berks).

2

help him out one bit" and "got rid of him" after a *Grazier* hearing.[4] (*Id.* at 6.) Blake alleges that Stauffer, Jenkins, Michael, and Judge Reichley are working together to "cover" for Stauffer and that is the reason he is currently incarcerated.[5] (*Id.*)

As a result of these events, Blake contends that he has suffered over forty months of incarceration and now has disc issues in his lower back. (*Id*. at 5.) He is not sure when "the last time he has had his teeth cleaned or fixed." (*Id*. at 6.) Blake seeks money damages and requests that Defendants "pay for every year that they took from him and his family." (*Id*.)

## II.   STANDARD OF REVIEW

The Court grants Blake leave to proceed *in forma pauperis*.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[4] A review of public records confirms that a *Grazier* hearing was held on May 6, 2024, but indicates the *Pro Se* Motion to Withdraw as Counsel was ordered withdrawn by Judge Reichley on that same date. *Blake*, CP-39-CR-0002706-2016. The Court notes that the record also reflects that Judge Reichley did not initially preside over Blake's case and became the presiding judge around September 20, 2023, which was after his arrest in the Berks County criminal case. (*Id.; see also, Blake*, CP-06-CR-0003125-2023.)

[5] Blake also mentions a previous federal case he filed "back in 2016." (Compl. at 3.) The Court's docket reflects that Blake filed a civil action in September 2016, in which he was ordered to file an Amended Complaint to cure defects in his case. *See Blake v. Stauffer et al.*, No. 16-4912 at ECF No. 2 (E.D. Pa. Sept. 21, 2016). Blake failed to comply. Because Blake did not file any response to the Court's Order, and his time to do so has long since elapsed, the case will remain closed for statistical purposes.

[6] The Court initially denied *in forma pauperis* status because Blake failed to provide a copy of his institutional account statement. That defect has now been cured. **(**ECF No. 5.) However, because Blake is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Blake is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.  DISCUSSION**

The Court understands Blake's Complaint, filed on the form for prisoners seeking to assert civil rights violations, to allege claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

4

### A. Claims Against Lehigh County Assistant District Attorneys Joseph Robert Stauffer and Jay William Jenkins

Blake's claims against Stauffer and Jenkins are based on their roles as Lehigh County Assistant District Attorneys, which is the Office that brought the relevant criminal charges against Blake in the 2016 case. The claims against Stauffer and Jenkins must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *id.* at 431, includes even "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), as well as presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020).

Because Blake's claims against Stauffer and Jenkins are based upon their actions as prosecutors for bringing criminal charges against him on behalf of the Commonwealth, they are both entitled to absolute immunity and the claims against Stauffer and Jenkins will be dismissed with prejudice. Leave to amend will not be granted as it would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).

### B. Claims Against Public Defender Lavelle James Michael

Blake brings constitutional claims against Michael, a Lehigh County Public Defender who was one of the attorneys that represented him in the 2016 case, based on alleged inadequacies in his representation and working with Stauffer to keep him incarcerated. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote

5

omitted). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").

Because public defenders, like Michael, are not state actors "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Dodson*, 454 U.S. at 325 (footnote omitted), Michael is not subject to liability under § 1983 and Blake's claims against him are not plausible. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."). Accordingly, these claims will be dismissed with prejudice.[7]

---

[7] Furthermore, to the extent Blake seeks to challenge his state conviction in federal court, on the ground of ineffective assistance of counsel or otherwise, his only avenue for doing so is a *habeas* petition filed pursuant to 28 U.S.C. § 2254 after exhausting state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (*per curiam*) ("The portions of Davis's complaint that . . . charge his attorney with constitutionally inadequate representation, and challenge his sentence fall squarely within *Preiser* and cannot be brought under § 1983.").

### C.    Claims Against Lehigh County Judge Douglas G. Reichley

Blake next alleges that Judge Reichley is working with the other Defendants to "cover" for Stauffer and that is the reason he is currently incarcerated. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). *See also, Coudriet v. Vardaro*, 545 F. App'x 99, 103 n.5 (3d Cir. 2013) (*per curiam*) (judicial immunity applied where plaintiff alleged "that Magistrate Judge Rossi's actions were illegal and unjust during his arraignment, bail hearing, and preliminary hearing"). Since it is apparent Blake's claims are based on Judge Reichley's handling of his 2016 case, a case over which he clearly had jurisdiction as a judge of the Court of Common Pleas, he is entitled to absolute judicial immunity.

### IV.    CONCLUSION

For the reasons stated, the Court will grant Blake leave to proceed *in forma pauperis* and dismiss his Complaint. Because an attempt to amend these claims would prove futile, the dismissal will be with prejudice. *Grayson*, 293 F.3d at 108, 110 (stating that complaints dismissed under

7

the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile"). An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).